NA

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Allen Smith, | No. CV 15-01931-PHX-DGC (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Juarez, et al., | |
| Defendants. | |

On September 25, 2015, Plaintiff William Allen Smith, who is confined in the Correctional Training Facility in Soledad, California, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In an October 13, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 28, 2015, Plaintiff filed his First Amended Complaint. In a November 10, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 3, 2015, Plaintiff filed a Second Amended Complaint (Doc. 10). The Court will dismiss the Second Amended Complaint and this action.

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Second Amended Complaint

In his eight-count Second Amended Complaint, Plaintiff sues the following employees at the Corrections Corporation of America (CCA): Case Manager Juarez, Correctional Counselors Cooper and Castillo, and Correctional Officer Drexler. In his Request for Relief, Plaintiff seeks the appointment of counsel and monetary damages.

In **Count One**, Plaintiff asserts a retaliation claim and alleges that on September 25, 2014, he got into a verbal altercation with Defendant Castillo. After the verbal altercation, Defendant Castillo "called a 'code,'" and three staff members stole and destroyed Plaintiff's personal property. Plaintiff claims that the California Department of Corrections (CDC) and CCA told him "that [his] rights were violated." Plaintiff claims he was injured as follows: he was "penalized for talking" and his property was stolen and destroyed.

In **Counts Two, Three, and Four**, Plaintiff asserts retaliation claims and alleges that on September 25, 2014, Defendants Juarez, Cooper, and Drexler destroyed his cell and stole and destroyed his personal property in retaliation for a verbal altercation that took place between Plaintiff and Defendant Castillo. Plaintiff claims that CDC and CCA told him that Defendants Juarez, Cooper, and Drexler "violated [Plaintiff's] rights."

In **Count Five**, Plaintiff asserts a property claim and alleges that on September 25, 2014, Defendant Castillo stole and destroyed his personal property. Plaintiff further alleges that, although he did "appeal the action, [he] was not afforded a fair process," as he "was not allowed a fair opportunity to have [his] claim heard."

In **Counts Six, Seven, and Eight**, Plaintiff asserts property claims and violations of his Eighth Amendment rights. In support of his claims, Plaintiff alleges that on September 25, 2014, Defendants Juarez, Cooper, and Drexler stole and destroyed his property in retaliation for Plaintiff's involvement in a verbal altercation.

## III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities

1  and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th
2  Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d
3  1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific
4  injury as a result of the conduct of a particular defendant and he must allege an
5  affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*,
6  423 at 371-72, 377 (1976).

7  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
8  520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey*
9  *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a
10 liberal interpretation of a civil rights complaint may not supply essential elements of the
11 claim that were not initially pled. *Id*.

12 **A.   Retaliation Claims**

13 As discussed in the Court's November 10, 2015 Order, a viable claim of First
14 Amendment retaliation contains five basic elements: (1) an assertion that a state actor
15 took some adverse action against an inmate (2) because of (3) that prisoner's protected
16 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment
17 rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably
18 advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th
19 Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim
20 requires an inmate to show (1) that the prison official acted in retaliation for the exercise
21 of a constitutionally protected right, and (2) that the action "advanced no legitimate
22 penological interest"). The plaintiff has the burden of demonstrating that his exercise of
23 his First Amendment rights was a substantial or motivating factor behind the defendants'
24 conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);
25 *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

26 In his First Amended Complaint, Plaintiff alleges that Defendants Castillo, Juarez,
27 Cooper, and Drexler destroyed his cell and stole and destroyed his personal property in
28 retaliation for Plaintiff's involvement in a verbal altercation with Defendant Castillo.

Plaintiff's conclusory allegation that he was engaged in protected conduct is not sufficient, as Plaintiff has failed to allege any *facts* showing that he was engaged in protected conduct.  Engaging in a verbal altercation with prison staff is not protected conduct.  Accordingly, the Court will dismiss Counts One through Four.

### B.   Property Claims

Plaintiff has failed to state a loss of property claim in Counts Five through Eight.  Although Plaintiff argues that the alleged loss of his property constitutes a violation of his Eighth Amendment rights, the Eighth Amendment does not provide a basis for his claims.  As discussed in the Court's previous Orders, the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Moreover, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Plaintiff has an adequate post-deprivation remedy.  *See Howland v. State*, 818 P.2d 1169, 1172-73 (Ariz. App. 1991) (prisoner failed to state a due process claim because Arizona law provided an available state tort remedy to recover the value of his property).  That a prisoner "might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not . . . determinative of the adequacy of the state remedies."  *Hudson* 468 U.S. at 535.  Here, Plaintiff has an available post-deprivation remedy – a common law tort suit.  Accordingly, Plaintiff has again failed to state a property claim, and the Court will dismiss Counts Five through Eight.

### IV.   Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.

1 *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 16th day of December, 2015.

_____
David G. Campbell
United States District Judge